UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PABLO GIL,                                          :            03 Civ. 3316  (WHP) (GWG)

                    Petitioner,                     :

          -against-                                 :            ORDER

WILLIAM MAZZUCA, Warden,                             :

                    Respondent.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


WILLIAM H. PAULEY III, District Judge:


          Petitioner Pro Se Pablo Gil ("Gil" or Petitioner") brings this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 to set aside his conviction on one count of Criminal

Possession of a Controlled Substance in the Second Degree and one count of Criminal

Possession of a Controlled Substance in the Third Degree.  On March 3, 2004, Magistrate Judge

Gabriel W. Gorenstein issued a comprehensive Report and Recommendation (the "Report")

recommending that Gil's petition be denied in its entirety.

          After considering Gil's Objections to the Report and Recommendation, dated

April 25, 2004, (the "Objections"), this Court adopts the Report in its entirety and denies Gil's

petition.

          The procedural background and underlying facts are set forth in the Report and

need not be repeated here.

I.      Standard of Review

Any portion of a magistrate judge's report and recommendation to which objections are made is subject to <u>de novo</u> review. <u>See</u> 28 U.S.C. § 636(b)(1)(C). The court may also accept, reject, or modify, in whole or in part, a magistrate judge's findings or recommendations. <u>DeJesus v. Miller</u>, 323 F. Supp. 2d 547, 549-50 (S.D.N.Y. 2004).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may only be granted if the state court's adjudication on the merits of a claim resulted in a decision that: (1) is "contrary to or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A decision is contrary to clearly established federal law "if the state court arrives at a conclusion that is opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000); <u>Grotto v. Herbert</u>, 316 F.3d 198, 205 (2d Cir. 2003).

A habeas petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. <u>See Jones v. Vacco</u>, 126 F.3d 408, 415 (2d Cir. 1997). Further, the "AEDPA changed the landscape of federal habeas corpus review by 'significantly curtailing' the power of federal courts to grant the habeas petitions of state prisoners." <u>Eze v. Senkowski</u>, 321 F.3d 110, 120 (2d Cir. 2003). AEDPA requires that federal

courts show "a high degree of deference" to state court adjudications on the merits of a defendant's claims. See Yung v. Walker, 296 F.3d 129, 135 (2d Cir. 2002). However, in a case such as this, where the petitioner is proceeding pro se, his pleadings are held to a less rigorous standard and are to be construed liberally. See Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997).

II.    Jurisdiction

Gil asserts that the New York Supreme Court lacked jurisdiction to hear his case because agents of the State of New York kidnapped him from the Dominican Republic and forcibly returned him to New York. (Objections at 2-12.) Gil claims, specifically, that Dominican officials illegally acted as agents for the State of New York when they apprehended him and "placed him in the custody of Agents of the [NYDETF], who smuggled petitioner aboard American Airlines Flight #588" where he was arrested by an agent of the NYDETF. (Declaration of Darian B. Taylor, filed Oct. 27, 2003 ("Taylor Decl.") Ex. M: Petition Under 28 U.S.C. § 2254, dated Mar. 31, 2003 at 9.) The Report properly concluded that Gil's jurisdictional argument is unavailing under the Ker-Frisbie doctrine. Frisbie v. Collins, 342 U.S. 519, 522 (1952).

Gil contends that the Ker-Frisbie doctrine is inapplicable because he was subject to a public international kidnapping. (Objections at 7.) That argument is without merit because the Supreme Court has applied the doctrine in circumstances analogous to those presented here. See United States v. Alvarez-Machain, 504 U.S. 655, 657-58 (1992) (holding that court had jurisdiction under Ker-Frisbie doctrine to hear case despite the fact that defendant was kidnapped in Mexico by agents acting on behalf of the DEA).

Citing <u>Holmes v. Vermont</u>, 39 U.S. 540 (1840), Gil maintains that the State of New York lacked authority to enter into an agreement with the Dominican Republic to extradite him. However, the Dominican authorities voluntarily transported Gil to the NYDETF, "a <u>federal</u> task force charged with investigating large-scale narcotics trafficking." (Objections Ex. F: Affidavit in Support of an Application for an Eavesdropping Warrant, dated June 20, 1997 at 1 (emphasis added).) Therefore, the Ker-Frisbie doctrine applies here. <u>See</u> <u>United States v. Cotton</u>, 471 F.2d 744, 745 (9th Cir. 1973) (Ker-Frisbie doctrine applied where defendant was arrested in Vietnam by local authorities and then voluntarily delivered to Untied States agents).

III.    <u>Voluntary Plea</u>

Gil argues that his plea was involuntary because Justice Wetzel threatened to impose a sentence "upwards of twenty years" if he proceeded to trial and was convicted. (Objections at 13.)

Whether a guilty plea is voluntary under the United States Constitution is a question of federal law. <u>See</u> <u>Henderson v. Morgan</u>, 426 U.S. 637, 641-42 (1976). A plea is voluntary "if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." <u>Miller v. Angliker</u>, 848 F.2d 1312, 1320 (2d Cir. 1988). "An otherwise-valid plea agreement in which the accused gave up his or her right to a jury trial is not rendered involuntary by the fact that, for example, it was induced by an appeal to the defendant's desire to limit his or her exposure to penalty." <u>McMahon v. Hodges</u>, 382 F.3d 284, 290; <u>see also</u> <u>Smith v. Scully</u>, Nos. 02 Civ. 6329 (JBW), 03 Misc. 0066 (JBW), 2003 WL 22952848, at *5 (E.D.N.Y. Oct. 16, 2003) (holding that the trial judge's statement "if you get convicted by a jury, you're going to get

the maximum sentence" did not coerce a guilty plea and that "[h]abeas corpus relief on this ground is not warranted.").

Gil had a sufficient opportunity to weigh his options and make a voluntary and intelligent decision. See, e.g., Caudill v. Jago, 747 F.2d 1046, 1051-52 (6th Cir. 1984) (holding that defendant's plea was not coerced and noting that the defendant "had ample opportunity to ponder [the judge's] statements and consider his attorney's advice before he entered his plea"). Justice Wetzel addressed Gil before trial and then afforded him an opportunity to consult with his attorney. (Plea Transcript, dated March 22, 1999 ("Plea Tr.") at 4-8.) Further, Gil acknowledged that he was not forced to plead guilty and was admitting his guilt voluntarily. (Plea Tr. at 11.) Although Gil's statement does "not foreclose the inquiry as to its voluntariness," United States v. Tateo, 214 F. Supp. 560, 564 (S.D.N.Y. 1963), it "carr[ies] a strong presumption of verity" and "constitute[s] a formidable barrier in any subsequent collateral proceeding." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

IV.     Ineffective Assistance of Counsel

As reflected in the Report, Gil advances six arguments to support his ineffective assistance of counsel claim. This Court has reviewed each of those arguments and finds them all to be without merit. The Magistrate Judge thoughtfully analyzed all of the bases for Gil's ineffective assistance of counsel claim and found them wanting. This Court agrees.

## CONCLUSION

Upon this Court's de novo review of Gil's Objections and the full record herein, this Court finds the Objections to be without merit. Accordingly, it is:

ORDERED that this Court adopts the well-reasoned report of Magistrate Gabriel W. Gorenstein, dated March 3, 2004, recommending that Gil's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied; it is further

ORDERED that Gil's petition for a writ of habeas corpus is denied in its entirety; and it is further

ORDERED that because Gil has not made a substantial showing of the denial of a constitutional right, a certificate of appealabilty will not issue. See 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962.)

The Clerk is directed to close this case.


Dated: September 19, 2004
      New York, New York


SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to*:

Pablo Gil
680 Washington Avenue
Apartment 2
Brooklyn, New York 11238
*Plaintiff Pro Se*

Darian B. Taylor, Esq.
Jennifer K. Danburg, Esq.
Office of the New York Attorney General
120 Broadway, 22nd Floor
New York, NY 10271
*Attorneys for Respondent*